UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRENCHIE BECKUM, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>SWIFT RESPONSE, LLC, PLZ §<br>AEROSCIENCE CORPORATION, §<br>K-G SPRAY-PAK, INC., PLAZE, §<br>INC., BALL CORPORATION, AND §<br>APTARGROUP, INC., §<br>§<br>*Defendants.* § | Civil Action No. 3:18-CV-555-X |

**MEMORANDUM OPINION AND ORDER**

This is a personal injury case that was removed from state court. If commercials are to be believed, Flex Seal can do a great many things. Here, a can of Flex Seal did something totally different by allegedly self-igniting and severely burning Frenchie Beckum. At issue are a bevy of pending motions: (1) Beckum's motion for leave to file a third amended complaint; (2) Beckum's motion to extend discovery; (3) defendant Ball Corp.'s motion to extend the motion deadline; (4) Ball Corp.'s motion to designate a responsible third party; (5) Ball Corp.'s motion to strike an expert witness; and (6) Ball Corp.'s motion for summary judgment.

The Court **DENIES** Beckum's motion to amend the complaint because it would impermissibly add a new defendant when limitations has run. The Court **DENIES** Beckum's motion to extend discovery because Beckum lacked diligence. The Court **GRANTS** Ball Corp.'s motion to extend the motion deadlines because the reason for

1

the delay was medical complications delaying the deposition of Beckum's expert. And the Courts **GRANTS** Ball Corp.'s motion for summary judgment because there is no evidence that Ball Corp. is liable for its former subsidiary's design and manufacturing of the product at issue.[1] Accordingly, the Court **DISMISSES WITH PREJUDICE** Beckum's claims against Ball Corp.—the only remaining defendant. A separate final judgment will issue shortly.

## I. Background

In 2017, Beckum was using a can of ClearCoat Flex Seal when working on a fountain in his backyard. He claims the can combusted and severely burned his arms, body, and face. He was transported to Parkland Hospital and treated for the burns.

Beckum sued Lowe's Home Centers, LLC (where he purchased the Flex Seal), PLZ Aeroscience Corp., Plaze, Inc., PLZ Holdings, Inc., K-G Spray-Pak, Inc. (who assembled the can and filled it with Flex Seal), Swift Response, LLC (who designed and sold the Flex Seal), and Ball Corp. This Court previously granted Beckum's motion to nonsuit Lowe's without prejudice, and Beckum later settled with PLZ Aeroscience Corp., Plaze, Inc., PLZ Holdings, Inc., K-G Spray-Pak, Inc., and Swift Response, LLC.

During discovery and after limitations had run, Ball Corp. disclosed that a separate corporate entity—Ball Metalpack—had designed and manufactured the Flex Seal can.

---

[1] Because of these rulings, the Court **DISMISSES AS MOOT** the motion to designate a responsible third party and the motion to strike an expert witness.

2

Beckum moved for leave to amend to add Ball Metalpack as a third party after limitations had run. And Ball Corp. moved to designate Ball Metalpack as a responsible third party. The parties also filed motions to extend fact discovery and the motion deadline. In addition, Ball Corp. moved to strike Beckum's expert witness and moved for summary judgment on the basis that there is no evidence Ball Corp. designed or manufactured the can.

## II. Law

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it 'might affect the outcome of the suit'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3]

## III. Analysis

The Court takes the procedural motions first before turning to the motion for summary judgment.

### A. Motion for Leave to File Amended Complaint

Beckum claims that Ball Corp. disclosed in December 2019 after limitations had run that one of its subsidiaries, Ball Aerosol and Specialty Container, Inc. n/k/a Ball Metalpack Aerosol Container, LLC ("Ball Metalpack") was a responsible third

---

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

party. In addition to adding Ball Metalpack as a defendant, Beckum wishes to correct registered agents and addresses for defendants K-G Spray-Pak, Inc., Plaze, Inc. and AptarGroup, Inc. to issue corrected citations. Finally, Beckum wishes to amend the complaint to establish diversity jurisdiction.

Ball Corp. responds that: (1) Beckum cannot substitute Ball Metalpack because the two entities are not interrelated and Ball Metalpack did not have notice of this lawsuit; and (2) Rule 15 cannot be used to join an additional defendant. The Court agrees with Ball Corp.

Federal Rule of Civil Procedure 15 governs this analysis. That rule provides that in cases such as this, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[4] Because limitations has run on any new defendant, Beckum's effort to join Ball Metalpack is an effort to relate back to the original complaint. Rule 15 provides that:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the

---

[4] FED. R. CIV. P. 15(A)(2).

>>summons and complaint, the party to be brought in by amendment:
>>
>>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[5]

"Rule 4(m) provides a 120–day time period in which a defendant must be served after a complaint is filed, and this 120–day period also applies to Rule 15(c)(1)(C)(i) and (ii)'s provisions."[6]

Subsections (b) and (c) are at issue here. Regarding subsection (b), the proposed claim against Ball Metalpack is substantively the same as the claim in the original proceeding. Regarding (c), there is no showing from Beckum that: (1) Ball Metalpack received notice of the lawsuit; (2) Ball Metalpack won't be prejudiced by its late addition; (3) Ball Metalpack knew or should have known that the action would have been brought against it but for a mistake in the proper party's identity; or (4) Beckum could have served Ball Metalpack with the amended complaint within 120 days of the filing of the original complaint. Moreover, Ball Corporation's response to the motion for leave demonstrates why Beckum cannot making these showings. As a result, Beckum has not met Rule 15's standard for an amended complaint that adds or substitutes a party after limitations has run. Accordingly, the Court **DENIES** the motion.

---

[5] *Id.* at 15(c)(1).

[6] *Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 933 (5th Cir. 2010).

B. Beckum's Motion to Extend Discovery

Beckum moved to extend fact discovery, largely arguing that Ball Corp.'s 30(b)(6) witness had inadequate knowledge of the topics to be discussed because Ball Corp. identified Ball Metalpack after the deadline to amend pleadings. Ball Corp. responds that Beckum lacked diligence and that testimony from a corporate representative that others outside the company would be better suited to answer a question is not good cause to extend discovery. The Court agrees with Ball Corp.

Federal Rule of Civil Procedure16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." A lack of diligence negates good cause. Here, Beckum learned in December 2019 that Ball Metalpack designed the can in question. There were six months remaining in discovery at that point. Beckum did not attempt to serve third-party discovery on Ball Metalpack. And Beckum did not serve discovery on Ball Corp. until thirty days before discovery closed. This is not the diligence the Court would expect to justify more time for discovery.

Moreover, there was nothing remarkable about the Ball Corp. 30(b)(6) deposition to warrant extending discovery. It simply confirmed its December information that Ball Corp. did not make, design, sell, or distribute the can in question. Considering this information was not new, it is not grounds to extend discovery. Accordingly, the Court denies Beckum's motion to extend discovery.

### C. Ball Corp.'s Motion to Extend the Motion Deadline

Ball Corp. moved to extend the motion deadline because an unforeseen medical condition rendered Beckum's expert Dr. Dehong Kong unavailable for deposition until June 8, 2020. This was after the June 5 motion deadline.[7] Ball Corp. requested the deposition within the original discovery period, but the medical issues prevented the deposition from occurring then. Four days after that deposition, Ball Corp. sought leave to file its motions on July 31, two weeks after the extended discovery cutoff. Beckum responds that Ball Corp.'s advertence is not good cause and would prejudice Beckum. The Court agrees with Ball Corp. that good cause exists to extend the motion deadline to accommodate comprehensive motions to strike and for summary judgment, which did not prejudice Beckum because he responded to those motions.

Federal Rule of Civil Procedure 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[8] The Fifth Circuit has established a four part test for evaluating good cause for scheduling order changes: "(1) the explanation for the failure to [timely file a motion]; (2) the importance of the [belatedly filed motion]; (3) potential prejudice in allowing the [belated motion]; and (4) the availability of a continuance to cure such prejudice."[9]

---

[7] The scheduling order allows the parties to extend the discovery deadline, which they did, but not the motion deadline.

[8] *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation marks omitted).

[9] *Id.* at 536 (quotation marks omitted).

7

Those four factors here favor allowing Ball Corp.'s belated motion to strike and motion for summary judgment. First, Ball Corp.'s explanation is accommodating Beckum's expert's medical condition, which favors extending the motion deadline. Second, the motions to strike and for summary judgment are important. Indeed, a dispositive motion such as a motion for summary judgment is often the most important motion in a case, and this particular motion and ruling bear that out here. Third, the prejudice a Rule 16 analysis looks to is prejudice in a party like Beckum responding. But Beckum has already responded to both belated motions. Fourth, no continuance is needed to cure prejudice to Beckum because there is no prejudice to Beckum. All four factors favor allowing the late-filed motions. Accordingly, the Court grants Ball Corp.'s motion to extend the motion deadlines, which renders its motion to strike and motion for summary judgment timely.

### D.  Ball Corp.'s Motion for Summary Judgment

This brings us to Ball Corp.'s motion for summary judgment. As base, the motion contends that there is no evidence that: (1) Ball Corp. is liable for the action of its (now former) subsidiary in manufacturing and selling the can; (2) the can was unreasonably dangerous; (3) there was a safer alternative design; (4) the alleged design defect (a propensity to ignite through electrostatic discharge) was with the can instead of the mounting cup (a separate component that a non-party supplied and assembled); (5) the can had a manufacturing defect; (6) Ball Corp. was negligent; or (7) Ball Corp. was subjectively aware of an extreme degree of risk that could qualify as gross negligence. Beckum responds that: (1) the motion is untimely, and Ball Corp.

8

failed to seek leave; (2) Ball Corp. is liable to the actions of its subsidiary, Ball Metalpack; (3) there is evidence the can was unreasonably dangerous; (4) there is evidence of a safer alternative design; (5) there is evidence of a manufacturing defect; and (6) there is evidence of gross negligence.[10] The Court agrees with Ball Corp. that there is no evidence of Ball Corp.'s liability (as opposed to non-party Ball Metalpack's liability).[11]

As an initial matter, Ball Corp. objected to four pieces of evidence Beckum relies on to attempt to defeat summary judgment. The only objection relevant to this Court's analysis is an objection to Ball Corp.'s Rule 30(b)(6) witness testimony about Ball Metalpack being a former subsidiary of Ball Corp. The basis for the objection is that the existence of a parent/subsidiary relationship is no evidence (in and of itself) of the parent's liability for the subsidiary's negligence. This is a correct statement of Texas law. The Texas Supreme Court has held that

> Creation of affiliated corporations to limit liability while pursuing common goals lies firmly within the law and is commonplace. We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances. There must also be evidence of abuse, or as we said in *Castleberry* [*v. Branscum*, 721 S.W.2d 270 (Tex. 1986)], injustice and inequity. By "injustice" and "inequity" we do not mean a subjective perception of unfairness by an individual judge or juror; rather, these words are used in *Castleberry* as shorthand references for the kinds of abuse, specifically identified, that the corporate structure should not shield— fraud, evasion of existing obligations, circumvention of statutes,

---

[10] Beckum also argues there is evidence that the can was the producing and proximate cause of his injuries. But Ball Corp. did not claim there was a lack of evidence on this point, so the Court declines to address it as a basis for summary judgment.

[11] As a result of this ruling, the Court need not reach Ball Corp.'s remaining arguments.

monopolization, criminal conduct, and the like. Such abuse is necessary before disregarding the existence of a corporation as a separate entity.[12]

The Court need not strike this testimony from the summary judgment record, as Ball Corp. suggests. But the Court need not and does not rely on the fact that Ball Metalpack was formerly a subsidiary of Ball Corp. as a means to defeat summary judgment if there is no evidence of abuse, injustice, or inequity.

Having addressed Ball's Corp.'s objections to Beckum's evidence, the Court turns to Beckum's response that Ball Corp.'s motion for summary judgment is untimely and required leave of court. The Court's above granting of the motion to extend the deadline renders the motion for summary judgment timely.

This brings us to the issue of whether there is evidence of Ball Corp.'s liability (as opposed to Ball Metalpack's liability). There is no dispute that at the time of the incident in 2017, Ball Metalpack designed and manufactured the can that caused the injury and that Ball Metalpack was a subsidiary of Ball Corp. (but no longer is). As explained above, this is not enough under Texas law to impose the subsidiary's liability on the parent. There must be evidence of something akin to "fraud, evasion of existing obligations, circumvention of statutes, monopolization, [or] criminal conduct."[13] Beckum's only response is that "Ball Corporation's corporate representative failed to disclose or even elaborate why Ball Corporation's relationship with Ball Metalpack as a subsidiary was severed or discontinued."[14] Reasons why

---

[12] *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008).

[13] *Id.*

[14] [Doc. 145 at 9].

they severed the corporate relationship is not a basis to disregard the corporate form. What matters is whether such things as fraud or criminal conduct were occurring at the time of the injury when Ball Metalpack was a subsidiary that justify disregarding their corporate form. If Ball Metalpack were still a subsidiary today, Beckum has still not offered argument or evidence that would qualify to disregard the corporate form. Because there is no evidence of Ball Corp.'s liability for Beckum's claims, the Court grants Ball Corp.'s motion for summary judgment.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Beckum's motion to amend the complaint, **DENIES** Beckum's motion to extend discovery, **GRANTS** Ball Corp.'s motion to extend the motion deadlines, and **GRANTS** Ball Corp.'s motion for summary judgment. Accordingly, the Court **DISMISSES WITH PREJUDICE** Beckum's claims against Ball Corp. and will separately issue a final judgment.

**IT IS SO ORDERED** this 24th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE